[Civ. No. 25313.    Second Dist., Div. Three.    Feb. 26, 1962.]

EILEEN I. KING, Individually and as Guardian, etc., Plaintiff and Respondent, v. LILLIAN KING, as Executrix, etc., Defendant and Appellant.

James M. Gammon for Defendant and Appellant.

Barrick, Poole & Olson for Plaintiff and Respondent.

FORD, J.—The question presented on this appeal is whether the trial court erred in its construction of the language of a property settlement agreement.

The agreement was dated July 12, 1945. One of the provisions thereof was that several parcels of real property should thereafter be the separate property of the husband. The paragraph relating to the support of the wife and upon which the present action is based is as follows:

"The husband agrees to pay to the wife as and for her maintenance and support the sum of Two Hundred Dollars ($200.00) per month commencing on the first day of July, 1945 and on the first day of each and every month thereafter. Said payments shall continue until the death or remarriage of the wife. In the event the actual gross income of the husband, less the necessary expense of operating his office as a physician, shall be less than Ten Thousand Dollars ($10,-000.00) in any calendar year, commencing January 1, 1946, before the payment of taxes by the husband then the sum of Two Hundred Dollars ($200.00) per month payable to the wife hereunder shall be reduced in the same proportion the income of the husband is reduced below Ten Thousand Dollars ($10,000.00)."

Dr. King died on June 2, 1958. It was the plaintiff's contention at the trial that "actual gross income" included income from all sources whereas the defendant executrix of the estate of Dr. King asserted that "actual gross income" was intended by the parties to mean only Dr. King's professional income as a physician.[1] It was stipulated that if the plaintiff's position was found to be correct, the amount owing as of the date of Dr. King's death was $2,900. Judgment for that amount (and for other amounts not involved on this appeal) was entered in favor of the plaintiff.

At the trial Mr. Gammon, counsel for the defendant, who had represented Dr. King in the negotiations relating to the agreement, was sworn as a witness on behalf of the defendant. After the plaintiff had objected to the proposed testimony on the ground that it could not be considered because of the parol evidence rule, the trial court stated: ". . . I will hear the evidence, reserving my ruling on this; and in the event that I rule affirmatively on your present objection, then it will be

---

[1] In response to the court's inquiry as to the basis of his claim of ambiguity, defendant's counsel said "Why would they put in that contract the words 'as a physician' if it wasn't meant that the alimony was tied to the physician's income? In other words, if he was going to talk about his total gross income, why use the word 'physician' at all?"

understood that the testimony will be in the nature of an offer of proof. . . ." Both counsel agreed to such procedure.

Mr. Gammon offered testimony with respect to the circumstances and conditions surrounding the execution of the document. Part thereof was as follows: ". . . in my conversations and negotiations with Leon W. Delbridge [the attorney then acting for Mrs. King] . . . I had said to him that the $200 a month alimony that had been discussed on the basis of our agreement at that time would have to be tied to Dr. King's professional income; first, that his other income—his properties were all heavily encumbered and the big income that could come from any source was from his professional income; and Mr. Delbridge stated that that would be acceptable."[2] A letter of July 5, 1945 (Exhibit F), from Mr. Delbridge to Mr. Gammon was offered to show that the written agreement was prepared by Mr. Delbridge. Another part of Mr. Gammon's testimony related to Dr. King's office building. He stated that he, Dr. King and Mr. Delbridge discussed the matter of the income from that property. Monthly payments had to be made on the encumbrance; in addition there were expenses for janitor and managerial services and for utilities; the resulting net rental income was small.

At a later point in the trial, the court appears to have taken the position that there was no ambiguity present in the paragraph of the agreement presented to it for construction. But that no final determination was intended to be made appears from the court's comment that counsel for the plaintiff had not read the cases cited in support of the defendant's contention and from the court's statement as follows: "What would be your attitude toward calling Mrs. King for what testimony you propose to offer, contingent on the ruling of the court as to the admissibility of the evidence?" Mrs. King, the plaintiff, thereupon testified. She said that she had no conversation with Dr. King upon the subject of the receipt of alimony as being contingent upon his continuing to practice as a physician or upon the subject of the amount thereof as being dependent solely upon his income as a physician. Thereafter, Mr. Gammon renewed his offer of proof and counsel for the plaintiff stated that Mrs. King's testimony was offered for considera-

---

[2] A letter of February 12, 1945 (Exhibit B) from Mr. Gammon to Mr. Delbridge stated that Dr. King's office building was valued at $25,000 and was subject to an encumbrance of $15,000, that his apartment house was valued at $26,500 and was subject to an encumbrance of $9,500, and that his net professional income was "a little over $1,000.00 per month."

tion only in the event that the court determined that Mr. Gammon's testimony was admissible. Thereupon each counsel was given time within which to submit authorities to the court.

On this appeal the defendant has proceeded on the assumption that the court did not consider Mr. Gammon's offered testimony and the documents submitted by him.[3] But, as appears from the file of the superior court in this case which has been transmitted to this court pursuant to this court's authority to augment the record on its own motion (rule 12, Rules on Appeal), that assumption is not well founded. In a minute order of October 3, 1960, it is stated in part: "In this matter heretofore ordered submitted on September 14, 1960, the court now renders its decision and order as follows: Plaintiff's objection to evidence is overruled. Defendant's Exhibits A, B, C, F and G . . . are admitted in evidence. . . . Judgment is ordered for the plaintiff . . . in the sum of $2,900.00. . . ."

In the findings of fact it is stated: "The Court finds that the term 'actual gross income' used in said agreement was intended by the parties to refer to the income of the husband from whatever source." Assuming that the parol evidence offered by the defendant was properly received, the question actually presented on this appeal is whether the determination of the trial court finds substantial support in the evidence.

As stated in *Scott* v. *Sun-Maid Raisin Growers Assn.,* 13 Cal.App.2d 353 [57 P.2d 148], at page 359: "When the meaning of the language of a contract is uncertain or doubtful and parol evidence is introduced in aid of its interpretation, the question of its meaning is one of fact and a finding of fact made by the trier of facts embodying his interpretation of the doubtful language must stand if not lacking in evidentiary support."

If the parties had intended to restrict the meaning of the words "actual gross income" to Dr. King's income as a physician, such restriction could have been easily expressed. However, it was not, and under the circumstances disclosed by the record herein, the trier of fact was justified in drawing the inference that the parties did not intend to have the amount of alimony payable to Mrs. King dependent solely

---

[3]In the appellant's opening brief it is stated: "It will be noted that the court made no order for the admission of defendant's testimony and in substance rejected the defendant's offer of proof, particularly the testimony of the negotiations between the attorneys for the respective parties."

upon Dr. King's professional income but rather intended that the basis for such payments should be his gross income (less the designated expenses) from whatever source it might arise. Consequently, this court is not free to disturb that determination even though another determination might seem equally tenable from the facts developed by the evidence. (*Enos* v. *Armstrong,* 75 Cal.App.2d 663, 669 [171 P.2d 137] ; *Scott* v. *Sun-Maid Raisin Growers Assn., supra,* 13 Cal.App.2d 353, 359.)

In view of the conclusion reached herein, it is not necessary to discuss the question of whether the consideration by the court of the evidence offered by the defendant constituted a violation of the parol evidence rule.

The judgment is affirmed.

Shinn, P. J., and Frampton, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.